UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION
Case No.: _____

FELIX ZULIANI,

        Plaintiff,

v.

MILA FLORIDA LLC, MILA MIAMI, LLC
OF DELAWARE a/k/a MILA MIAMI, LLC,
and S2 HR SOLUTIONS 2D, LLC,

        Defendants.

## COMPLAINT

The Plaintiff FELIX ZULIANI (the "Plaintiff") sues the Defendants MILA FLORIDA LLC; MILA MIAMI, LLC OF DELAWARE a/k/a MILA MIAMI, LLC, and S2 HR SOLUTIONS 2D, LLC (collectively the "Defendants"), and alleges:

### JURISDICTION

1. This action involves the application of the Family and Medical Leave Act of 1993, 29 U.S.C. § 2601 *et seq.* ("FMLA").[1]

2. The jurisdiction of this Court is invoked pursuant to 28 U.S.C. § 1331, 28 U.S.C. § 1343(3) and (4) and 28 U.S.C. § 2617.

---

[1] Plaintiff will file a charge of discrimination with the EEOC. As soon as he receives his right to sue, Plaintiff may seek leave to amend this complaint to file counts of discrimination and retaliation.

## VENUE

3. The Defendants MILA FLORIDA LLC and MILA MIAMI, LLC OF DELAWARE a/k/a MILA MIAMI, LLC (the "Mila Defendants") are Delaware companies duly authorized and doing business under the laws of the State of Florida and conducting business in Miami-Dade County, Florida.

4. The Defendant S2 HR SOLUTIONS 2D, LLC ("S2") is a Florida company duly authorized and doing business under the laws of the State of Florida and conducting business in Miami-Dade County, Florida.

5. Plaintiff is a resident of Miami-Dade County, Florida, within the jurisdiction of this Honorable Court. Plaintiff is a covered employee for purposes of the FMLA.

6. The acts or omissions giving rise to this Complaint occurred in whole or in part in Miami-Dade County, Florida.

7. Venue is proper under 28 U.S.C. § 1391(b) because the acts complained of occurred within this judicial district and because Defendants have their principal place of business within the district, reside in the judicial district and because the employment records of Plaintiff are stored or have been administered, in Miami-Dade County, Florida.

## JOINT EMPLOYMENT, AGENCY/ INTEGRATED ENTERPRISE

8. The Mila Defendants share common ownership, common management, centralized control of labor relations, and common offices and interrelated operations. The Mila Defendants are an integrated enterprise under the law. Alternatively, each company is an enterprise under the law.

9. Defendants share employees or interchange employees; work in the direct interest of one another; and their employees are in the common control of both companies. Defendants are joint employers. Alternatively, each company is an enterprise under the law.

10. Each Defendant is sued individually, as joint employers, and as agent of each other. In addition, the Mila Defendants are also sued as an integrated enterprise.

## GENERAL ALLEGATIONS COMMON TO ALL COUNTS

11. At all times material, Plaintiff was employed by Defendants as a server from approximately November 11, 2020, until his wrongful termination on or about December 3, 2021.

12. The Mila Defendants operate a restaurant called "Mila Restaurant, Rooftop Lounge, and Mixology Bar" (the "Restaurant"). Upon information and belief, S2 is in charge of lending human resources and payroll-related services to the Mila Defendants.

13. Plaintiff performed his work admirably and was revered by his colleagues with whom he worked.

14. Plaintiff performed his duties in a satisfactory manner.

15. On or about September of 2021, Plaintiff began feeling severe pain to his left knee.

16. Plaintiff went to see doctors about his knee pain at a University of Miami clinic. His first visit was in October of 2021.

17. Thereafter, Plaintiff had several doctor's appointments, including appointments with specialists and surgeon.

18. Either in late October or early November 2021, Plaintiff was diagnosed with a bad knee and became a candidate for surgery.

19. Plaintiff's doctors advised Plaintiff call to schedule a surgery to his knee.

20. In late November 2021, Plaintiff approached Ms. Lacey (ULN), the Restaurant's Assistant to the General Manager, and told her about his situation and about his need for surgery.

21. Plaintiff further advised Ms. Lacey (ULN) and requested time off in advance to get the surgery done and to recover from the surgery.

22. Plaintiff specifically told Ms. Lacey (ULN) that he was giving notice to make sure his employment was protected.

23. In response, Ms. Lacey (ULN) told Plaintiff that she was going to forward the notice to Ms. Sheena (ULN), the Restaurant's General Manager.

24. Approximately, one week later, on or about December 3, 2021, Ms. Sheena (ULN) contacted Plaintiff and terminated his employment because "[he was] going to leave anyway."

25. All conditions precedent to bringing this action have occurred, been performed or been excused.

26. The Plaintiff has retained the undersigned counsel in order that his rights and interests may be protected. The Plaintiff has become obligated to pay the undersigned a reasonable attorneys' fee.

**COUNT I: INTERFERENCE (FAILURE TO PROVIDE INFORMATION) – FMLA**

27. Plaintiff repeats and re-alleges paragraphs 1-26 as if fully stated herein.

28. At all times material to this Complaint, Plaintiff was an "eligible employee" as defined by the FMLA, 29 U.S.C. § 2611(2)(A).

29. Plaintiff worked for Defendants for at least 12 months before the date any FMLA leave was to begin.

30. Plaintiff worked for Defendants for at least 1,250 hours during the 12-month period before the date any FMLA leave was to begin.

31.     Plaintiff was entitled to FMLA leave because he had an FMLA-qualifying reason. Specifically, Plaintiff had a serious health condition that prevented Plaintiff from performing the functions of his job. A bad knee that needs surgery and the surgery itself both fall under the definition of a serious health condition.

32.     At all times material, Defendants collectively were an "employer" as defined by 29 U.S.C.§ 2611(4).

33.     At all times material, each Defendant collectively was an "employer" as defined by 29 U.S.C.§ 2611(4).

34.     Defendants were both engaged in commerce or in an industry or activity affecting commerce and employed more than 50 employees for each working day during each of 20 or more calendar weeks in each calendar year relevant hereto.

35.     At all times material, Plaintiff gave proper notice to Defendants by informing Defendants of his qualifying reason and serious health condition.

36.     Plaintiff provided enough information for Defendants to know that his potential leave may be covered by FMLA.

37.     Defendants were aware of Plaintiff's qualifying reason.

38.     At all times material hereto, Plaintiff communicated with Defendants regarding his medical condition and his need for surgery.

39.     Despite their knowledge of Plaintiff's medical condition, Defendants failed to notify Plaintiff of his eligibility status and rights under the FMLA and failed to notify Plaintiff whether his leave was or could be designated as FMLA leave.

40.     Instead of informing Plaintiff of his rights, Defendants terminated Plaintiff for no cause.

41. When Defendants failed to notify Plaintiff of his eligibility status and rights under the FMLA and failed to notify Plaintiff whether his leave was or could be designated as FMLA leave, the Defendants interfered with Plaintiff's rights to take leave under the FMLA and denied him the benefits to which he was entitled.

**WHEREFORE**, Plaintiff requests that this Honorable Court:

a. Enter judgment in Plaintiff's favor and against Defendants for its violations of FMLA;

b. Award Plaintiff actual damages suffered, including back pay, front pay, loss of benefits, future pecuniary loss, lost future earnings capacity;

c. Award Plaintiff liquidated damages based on Defendants' conduct;

d. Award Plaintiff prejudgment interest on his damages award;

e. Award Plaintiff reasonable costs and attorney's fees;

f. Award Plaintiff any further relief pursuant to the FMLA; and,

g. Grant Plaintiff such other and further relief as this Court deems equitable and just.

### COUNT II: INTERFERENCE (TERMINATION) – FMLA

42. Plaintiff repeats and re-alleges paragraphs 1-26 as if fully stated herein.

43. At all times material to this Complaint, Plaintiff was an "eligible employee" as defined by the FMLA, 29 U.S.C. § 2611(2)(A).

44. Plaintiff worked for Defendants for at least 12 months before the date any FMLA leave was to begin.

45. Plaintiff worked for Defendants for at least 1,250 hours during the 12-month period before the date any FMLA leave was to begin.

46. Plaintiff was entitled to FMLA leave because he had an FMLA-qualifying reason. Specifically, Plaintiff had a serious health condition that prevented Plaintiff from performing the

functions of his job. A bad knee that needs surgery and the surgery itself both fall under the definition of a serious health condition.

47. At all times material, Defendants collectively were an "employer" as defined by 29 U.S.C.§ 2611(4).

48. At all times material, each Defendant collectively was an "employer" as defined by 29 U.S.C.§ 2611(4).

49. Defendants were both engaged in commerce or in an industry or activity affecting commerce and employed more than 50 employees for each working day during each of 20 or more calendar weeks in each calendar year relevant hereto.

50. At all times material, Plaintiff gave proper notice to Defendants by informing Defendants of his qualifying reason and serious health condition.

51. Plaintiff provided enough information for Defendants to know that his potential leave may be covered by FMLA.

52. Defendants were aware of Plaintiff's qualifying reason.

53. At all times material hereto, Plaintiff communicated with Defendants regarding his medical condition and his need for surgery.

54. Despite their knowledge of Plaintiff's medical condition, Defendants failed to notify Plaintiff of his eligibility status and rights under the FMLA and failed to notify Plaintiff whether his leave was or could be designated as FMLA leave.

55. Instead of informing Plaintiff of his rights, Defendants terminated Plaintiff for no cause.

56. When Defendants terminated Plaintiff's employment, the Defendants interfered with Plaintiff's rights to take leave under the FMLA and denied him the benefits to which he was entitled.

**WHEREFORE**, Plaintiff requests that this Honorable Court:

a. Enter judgment in Plaintiff's favor and against Defendants for its violations of FMLA;

b. Award Plaintiff actual damages suffered, including back pay, front pay, loss of benefits, future pecuniary loss, lost future earnings capacity;

c. Award Plaintiff liquidated damages based on Defendants' conduct;

d. Award Plaintiff prejudgment interest on his damages award;

e. Award Plaintiff reasonable costs and attorney's fees;

f. Award Plaintiff any further relief pursuant to the FMLA; and,

g. Grant Plaintiff such other and further relief as this Court deems equitable and just.

## COUNT III: RETALIATION (FMLA)

57. Plaintiff repeats and re-alleges paragraphs 1-26 as if fully stated herein.

58. At all times material to this Complaint, Plaintiff was an "eligible employee" as defined by the FMLA, 29 U.S.C. § 2611(2)(A).

59. Plaintiff worked for Defendants for at least 12 months before the date any FMLA leave was to begin.

60. Plaintiff worked for Defendants for at least 1,250 hours during the 12-month period before the date any FMLA leave was to begin.

61. Plaintiff was entitled to FMLA leave because he had an FMLA-qualifying reason. Specifically, Plaintiff had a serious health condition that prevented Plaintiff from performing the functions of his job. A bad knee that needs surgery and the surgery itself both fall under the definition of a serious health condition.

62. At all times material, Defendants collectively were an "employer" as defined by 29 U.S.C.§ 2611(4).

63. At all times material, each Defendant collectively was an "employer" as defined by 29 U.S.C.§ 2611(4).

64. Defendants were both engaged in commerce or in an industry or activity affecting commerce and employed more than 50 employees for each working day during each of 20 or more calendar weeks in each calendar year relevant hereto.

65. At all times material, Plaintiff gave proper notice to Defendants by informing Defendants of his qualifying reason and serious health condition.

66. Plaintiff provided enough information for Defendants to know that his potential leave may be covered by FMLA.

67. Defendants were aware of Plaintiff's qualifying reason.

68. At all times material hereto, Plaintiff communicated with Defendants regarding his medical condition and his need for surgery.

69. Despite their knowledge of Plaintiff's medical condition, Defendants failed to notify Plaintiff of his eligibility status and rights under the FMLA and failed to notify Plaintiff whether his leave was or could be designated as FMLA leave.

70. Instead of informing Plaintiff of his rights, Defendants terminated Plaintiff for no cause.

71. Defendants terminated Plaintiff following his request to take FMLA leave.

72. Defendants have intentionally engaged in unlawful employment practices in violation of the FMLA, by retaliating against Plaintiff for requesting to take protected leave under the FMLA.

73. Plaintiff's request for medical leave pursuant to the FMLA was a direct and proximate cause of his termination from his employment with Defendants.

74. The effect of the practice complained of above has been to deprive Plaintiff of equal employment opportunities and, in fact, his employment, because of such complaint.

75. As a direct and proximate result of the intentional violations by Defendants of Plaintiff's rights under the FMLA, by retaliating against him by terminating his employment for requesting FMLA medical leave, Plaintiff has been damaged in that Plaintiff lost, inter alia, wages, other compensation, and benefits, including health insurance.

**WHEREFORE**, Plaintiff requests that this Honorable Court:

a. Enter judgment in Plaintiff's favor and against Defendants for its violations of FMLA;

b. Award Plaintiff actual damages suffered, including back pay, front pay, loss of benefits, future pecuniary loss, lost future earnings capacity;

c. Award Plaintiff liquidated damages based on Defendants' conduct;

d. Award Plaintiff prejudgment interest on his damages award;

e. Award Plaintiff reasonable costs and attorney's fees;

f. Award Plaintiff any further relief pursuant to the FMLA; and,

g. Grant Plaintiff such other and further relief as this Court deems equitable and just.

## JURY TRIAL DEMAND

Plaintiff requests a trial by jury on all issues triable in each count of this Complaint.

Dated: January 25, 2022.

Respectfully submitted,

By: /s/ Tanesha W. Blye
Tanesha W. Blye, Esquire
Fla. Bar No.: 0738158
Email: tblye@saenzanderson.com

R. Martin Saenz, Esquire
Fla. Bar No.: 0640166
Email: msaenz@saenzanderson.com

SAENZ & ANDERSON, PLLC
20900 NE 30th Avenue, Ste. 800
Aventura, Florida 33180
Telephone: (305) 503-5131
Facsimile: (888) 270-5549

*Counsel for Plaintiff*